DAVID J. COOK, ESQ. (State Bar # 060859)
COOK COLLECTION ATTORNEYS
A PROFESSIONAL LAW CORPORATION
165 Fell Street, San Francisco, CA 94102-5106
Mailing Address: P.O. Box 270
San Francisco, CA 94104-0270
Tel.: (415) 989-4730
Fax: (415) 989-0491
Email: Cook@SqueezeBloodFromTurnip.com

JOHN MEDLER
THE MEDLER LAW FIRM, LLC
7700 Bonhomme, Suite 360
Clayton, MO 63105
Tel: (314) 727-8777
Fax: (314) 727-7001
Email: john@medlerlawfirm.com
File No. 56,498

Attorneys for Plaintiff
TAMARA FAVAZZA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| TAMARA FAVAZZA, | CASE NO. 2:14-MC-00487-UA |
|---|---|
| Plaintiff, | APPLICATION AND ORDER FOR SERVICE OF PROCESS BY REGISTERED PROCESS SERVER |
| vs. | |
| JOSEPH FRANCIS; PATH MEDIA HOLDINGS, LLC; GGW BRANDS, INC.; AERO FALCONS, LLC; and BLUE HORSE TRADING, LLC, | |
| Defendants. | |

Plaintiff TAMARA FAVAZZA hereby applies to this court for a process server to levy and execute under C.C.P. § 699.080 and the Local Rules of Practice of the United States District Court for the Central District of California, in the place and in lieu of the United States Marshal. Plaintiff requests that DDS Legal Support Systems, a Registered Process Server, who is at least 18 years of age, of suitable discretion and not a party to the within action, be authorized and appointed to serve

the Writs in the above-entitled action. The U.S. Marshal's Office will remain the Levying Officer.

      For Plaintiff to enforce the Judgment, Plaintiff is obligated to proceed essentially under the law of the domicile state. In this case, it would be the Enforcement of Judgments law effective July 1, 1983. As part of the significant revision, California enacted C.C.P. § 699.080, which permitted a process server to exercise many of the duties of a Marshal in the enforcement of a judgment. C.C.P. § 699.080 provides specifically as follows:

> **§ 699.080.**
> (a) A registered process server may levy under a writ of execution on the following types of property:
> (1) Real property, pursuant to Section 700.015.
> (2) Growing crops, timber to be cut, or minerals or the like (including oil and gas) to be extracted or accounts receivable resulting from the sale thereof at the wellhead or minehead, pursuant to Section 700.020.
> (3) Personal property in the custody of a levying officer, pursuant to Section 700.050.
> (4) Personal property used as a dwelling, pursuant to subdivision (a) of Section 700.080.
> (5) Deposit accounts, pursuant to Section 700.140.
> (6) Property in a safe-deposit box, pursuant to Section 700.150.
> (7) Accounts receivable or general intangibles, pursuant to Section 700.170.
> (8) Final money judgments, pursuant to Section 700.190.
> (9) Interest of a judgment debtor in personal property in the estate of a decedent, pursuant to Section 700.200.
> (b) Before levying under the writ of execution, the registered process server shall deposit a copy of the writ with the levying officer and pay the fee provided by Section 26721 of the Government Code.
> (c) If a registered process server levies on property pursuant to subdivision (a), the registered process server shall do both of the following:
> (1) Comply with the applicable levy, posting, and service provisions of Article 4 (commencing with Section 700.010).
> (2) Request any third person served to give a garnishee's memorandum to the levying officer in compliance with Section 701.030 on a form provided by the registered process server.
> (d) Within five days after levy under this section, all of the following shall be filed with the levying officer:
> (1) The writ of execution.
> (2) An affidavit of the registered process server stating the manner of levy performed.
> (3) Proof of service of the copy of the writ and notice of levy on other persons, as required by Article 4 (commencing with Section 700.010).
> (4) Instructions in writing, as required by the provisions of Section 687.010.
> (e) If the fee provided by Section 26721 of the Government Code has been paid, the levying officer shall perform all other duties under the

1  writ as if the levying officer had levied under the writ and shall return the writ to the court. If the registered process server does not comply
2  with subdivisions (b) and (d), the levy is ineffective and the levying officer is not required to perform any duties under the writ and may
3  issue a release for any property sought to be levied upon.
   (f) The fee for services of a registered process server under this section
4  shall be allowed as a recoverable cost pursuant to Section 1033.5.
   (g) A registered process server may levy more than once under the
5  same writ of execution, provided that the writ is still valid."

6  As can be seen, many of the levy and execution procedures are fairly routine, such
7  as the levy upon a bank, wage levy, garnishment upon an account or account
8  receivable, or general intangible, or real property levy. The overall purpose of
9  enacting C.C.P. § 699.080 was to relieve the Sheriff, Marshal or Constable (and
10 directly, the U.S. Marshal) from the duties and responsibilities of levy and
11 execution, when in fact the process server would not come into direct possession of
12 monies. Furthermore, levy and execution upon such types of property is extremely
13 "time-consuming" in the service upon the third party, service by mail upon the
14 debtor, the filing of proofs of service, and related duties and responsibilities.
15 Relegating these tasks to a process server would free up the levying officer from
16 either non-civil tasks, or alternatively, civil tasks within the province of the levying
17 officer such as the actual receipt and disbursement of money, sale of property,
18 installation of a keeper, or the like.

19 Typically, the U. S. Marshal, and specifically, the U. S. Marshal for the
20 Central District, requires an order authorizing the use of a private process server
21 issued by the court. The U.S. Marshal requires the insurance of the fact that the levy
22 and execution undertaken by the process server is authorized by the court.

23 Moreover, Plaintiff seeks an order for service by registered process server
24 because it has been able to identify and locate certain assets of Defendants and
25 reasonably believes that there is a danger of Defendants concealing those assets and
26 that those assets may not be available for levy by the time the United States Marshal
27 is able to perform such a levy.

28

| | | |
|---|---|---|
| 1 | DATED: July 23, 2014 | COOK COLLECTION ATTORNEYS |
| 2 | | By: __/s/ David J. Cook_____ |
| 3 | | DAVID J. COOK, ESQ. (SBN 060859)<br>Attorneys for Plaintiff |
| 4 | | TAMARA FAVAZZA |

### ORDER

Good cause appearing, therefore, IT IS ORDERED that DDS Legal Support Systems is appointed to serve Plaintiff's levies under Writs of Execution or other process in this action.

DATED: July ____, 2014         _____
                               Judge of the United States District Court

F:\USERS\DJCNEW\FRANCIS.la app

# PROOF OF SERVICE

JOSEPH FRANCIS
1111 Bel Air Place
Los Angeles, CA 90077

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

APPLICATION AND ORDER FOR SERVICE OF PROCESS BY REGISTERED PROCESS SERVER

on the above-named person(s) by:

__XXX__  (BY MAIL) Placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed to the person(s) served above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2014.

/s/ David J. Cook
DAVID J. COOK, ESQ. (SBN 060859)